## BUSS v. PUTNEY.

To entitle the vendor of a machine, sold with the right to use a patented article therewith, to recover the price agreed to be paid, it is not incumbent on him to produce evidence of his right under the patent, unless it appears that the vendee has been interrupted in the use of the patented article, by one whose right, *prima facie*, is violated by its use.

Such sale implies a license to the vendee to use the article patented, and the license is not within the provision of section 11 of the act of congress of July 4, 1836, (5 Statutes at Large 121) which requires the assignment of a patent, or of any interest therein, or the grant of the exclusive right under the patent, to make and use the patented article, to be in writing.

ASSUMPSIT, for a lathe and "one wedger and right to use Allen's saw therein." The plaintiff offered evidence tending to show that he sold and delivered the lathe and wedger to the defendant, including in the sale the right to use with it a patented saw known as Allen's saw, which the plaintiff claimed to own. The defence set up was, that the sale was made and the property delivered to one Whitney, and not to the defendant. The property was not returned to the plaintiff, nor the contract in any way repudiated by the defendant, nor did it appear that he had been interrupted in the use of the saw by any person claiming that his right under the patent was violated by its use.

There was evidence that the plaintiff, soon after the delivery of the machine, tendered to the defendant a deed, signed by the plaintiff, reciting that Allen had obtained letters patent for "an improvement in machines for slitting clothes pins," which Allen had assigned by deed to the plaintiff; that the defendant was desirous of acquiring the right, under the patent, to use, and vend to others to be used the invention whenever he did not wish to use the same himself, for, to, and in his mill in Marlborough; and had contracted with the plaintiff for the purchase of

the same, and conveying and assigning to the defendant, for the consideration of thirty dollars paid, the right under the patent to use, or vend to others to be used, said invention whenever he did not wish to use the same himself, meaning and intending to convey the right to use or vend a single saw or machine only—the said invention—for, to and in said mill, and in no other place.

The defendant objected that the deed showed that the original patent was held by Allen, and that there was no evidence tending to show any right of the plaintiff in the patent. The court ruled that the delivery of the patent saw, the use of it by the defendant without returning it, and the deed tendered, were evidence of a sale of the right to use the saw, and that the plaintiff might recover, upon the facts proved, for the sale of such right; to which the defendant excepted.

A verdict was returned for the plaintiff, which the defendant moves to set aside.

*Cushing*, for the defendant.

The plaintiff claims to recover not only for the machine sold, but also for the patent right, which by law can pass only by deed. U. S. Statutes, July 4, 1836, ch. 357, sec. 11, "An act to promote the progress of the useful arts," &c. The plaintiff's deed to the defendant shows that the original patent was issued to a third person, and the deed of assignment to the plaintiff was not produced, nor its absence accounted for. There was not even *prima facie* proof of the plaintiff's right under the patent.

*Wheeler & Faulkner*, for the plaintiff.

The only question presented by the case is as to the correctness of the ruling, that the delivery of the saw, the subsequent use of it by the defendant, without objection, and without returning it, or in any way rescinding the contract, and the tender of the deed, were competent evi-

dence of the sale of the right to use the saw. The under-
taking of the plaintiff was not to make an assignment of
the patent right, but to convey a machine which included
a saw as a part of it, with a license to use the peculiar kind
of saw known as Allen's. No deed or other writing was
necessary or called for at the time of the sale. The prop-
erty passed, and the right passed by the delivery, and
until the contrary is shown the presumption is that the
plaintiff owned what he sold. Where the vendee under-
takes to recover back money paid for a patent right, on the
ground that the vendor had no such right, if the vendee
has not been disturbed in the use of it, it is for him to
prove that the vendor had not the right. *Stevens* v. *Head*,
9 Vt. 174. If the recital in the deed, that Allen was the
patentee, is evidence against the plaintiff as his admission
that he was not the owner of the right, the whole taken
together shows that it had been assigned to him.

SAWYER, J.    The sale of the machine and the right to
use with it one of Allen's patented saws, imported a
license to use the saw. Such license is not an assignment
of an interest in the patent, or a grant of an exclusive
right under it to make and use the patented article, within
the meaning of section 11 of the act of congress of July
4, 1836, (5 Statutes at Large 123) which requires the as-
signment of a patent, or of any interest therein, and the
grant of an exclusive right under it to make and use the
patented article, to be in writing, and recorded. *Gayler* v.
*Wilder*, 10 How. 477. An assignment, within the mean-
ing of the act, is the transfer of the whole or of an undi-
vided interest in the monopoly conferred by the letters
patent; and a grant is the conveyance of an exclusive
right to make, use, or vend within a designated territory.
Either gives to the assignee or grantee a right or interest
in the monopoly, which may be protected by a suit for its
violation. A license by the party claiming the monopoly

Buss *v.* Putney.

to use one of the patented articles, is a mere waiver by him of all claim for damages for what otherwise would be a violation of his right in the use by the licensee; *Wilson* v. *Rousseau,* 4 How. 646; *Troy Factory* v. *Corning,* 14 How. 193; and it confers no exclusive right or interest under the patent for a violation of which he may recover damages. If there is implied in such license a covenant of right and title in the licensor, it is sufficient for this case that the defendant has introduced no evidence tending to show that the plaintiff had no right or title, or that the use of the saw, in accordance with the license, has been interrupted. Until the defendant is disturbed in exercising his license by some party claiming to be the owner of the right under the patent, and whose right would appear, *prima facie,* to be violated thereby, he is not in the situation to call upon the vendor, in an action for the purchase money agreed to be paid, to establish his title to the thing sold. Until then he has all he bargained for. If the want of title in his vendor would avail him in such case as a defence, it is for him to show it. *Holden* v. *Curtis,* 2 N. H. 61; *Bartlett* v. *Holbrook,* 1 Gray 114. The position taken by the counsel for the defendant, that this is shown by the recital in the plaintiff's deed, that the letters patent were granted to Allen, is fully answered by the view suggested on the other side, that if this is evidence against the plaintiff on that point, it is so because it is an admission made by him, and the admission is qualified by the further recital that the patent has been assigned to him. It is an admission, then, not that the plaintiff had no title at the time of the sale, but directly to the contrary. The defendant has no ground of exception to the ruling of the court, and consequently there must be

*Judgment on the verdict.*